# Exhibit 4



U.S. DEPARTMENT OF LABOR    Occupational Safety and Health Administration
Kansas City Regional Office
2300 Main Street, Suite 1010
Kansas City, Missouri  64108-2447

April 8, 2022

Rudy Howell
c/o Stephani Ayers
T. M. Guyers & Friends P. C.
P. O. Box 1061
Medford OR 97501
stephani@whistleblowerdefenders.com

Re: Perdue Farms, Inc./Howell/Casefile No: 7-4120-21-045

Dear Ms. Ayers:

This is to advise you that we have completed our investigation of the above-referenced complaint filed by your client (Complainant) against Perdue Farms, Inc. (Respondent) on February 12, 2021 under Section 402 of the FDA Food Safety Modernization Act (FSMA), 21 U.S.C. 399d. In brief, you alleged that Respondent terminated Complainant's employment contract in retaliation for his complaints regarding food safety to Respondent, government regulators, and members of the press.

Following an investigation by a duly-authorized investigator, the Secretary of Labor, acting through his agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region VII, finds there is no reasonable cause to believe that Respondent violated Section 402 of the FSMA and issues the following findings:

### Secretary's Findings

On or about August 20, 2020 Complainant contends that he suffered an adverse employment action when Respondent terminated his employment contract. On February 12, 2021, Complainant filed a complaint with the Secretary of Labor alleging that Respondent retaliated against him in violation of Section 402 of the FSMA. As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

The parties are not covered under the FSMA because Respondent is not an entity engaged in the manufacture, processing, packing, transporting, distribution, reception, holding, or importation of food, within the meaning of 21 U.S.C. §399d(a) and/or Complainant is not an employee within the meaning of 21 U.S.C. §399d(a). A review of the Darden Factors compared to the evidence showed that Complainant was able to set his own work schedule and employ his own strategies to raise the chickens in his care. Complainant has special skills regarding the raising of chickens, owns the facilities and land where the chickens are raised, and pays the utilities at the farm which Complainant owns.  Complainant did not receive a salary, benefits, or an hourly wage from Respondent; his earnings were based on lump sum payments according to a competitive contract system and payroll taxes were not removed by Respondent. Complainant was free to hire assistants and would be required by the contract with Respondent to manage

any assistants he hired. Respondent is a poultry producer and Complainant was under contract with Respondent to raise chickens owned by Respondent.

As a result of the investigation, the burden of establishing that Complainant was retaliated against in violation of Section 402 of the FSMA cannot be sustained. Complainant's allegations did not make a prima facie showing. The evidence showed that Complainant was not an employee within the meaning of 21 U.S.C. §399d(a) Consequently, this complaint is dismissed.

Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review. Objections must be filed in writing with:

Chief Administrative Law Judge
Office of Administrative Law Judges
U.S. Department of Labor
800 K Street NW, Suite 400 North
Washington, D.C. 20001-8002
Phone: (202) 693-7300
Fax: (202) 693-7365

With copies to:

Steven J. Kaplan
Acting Regional Administrator
U.S. Department of Labor, OSHA
2300 Main Street, Suite 1010
Kansas City, MO 64108

And

Perdue Farms, Inc.
c/o Roger Colaizzi
Venable LLP
600 Massachusetts Ave N. W.
Washington DC 20001
racolaizzi@venable.com

In addition, please be advised that the U.S. Department of Labor does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an ALJ in which the parties are allowed an opportunity to present their evidence for the record. The ALJ who conducts the hearing will issue a decision based on the evidence and arguments presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the Act. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint.

The rules and procedures for the handling of FSMA cases can be found in Title 29 of the Code of Federal Regulations, Part 1987 (FSMA) and may be obtained at www.whistleblowers.gov.

Sincerely,

FOR KEVIN CRAIN
Assistant Regional Administrator

cc: Respondent
    Chief Administrative Law Judge, USDOL
    (FSMA)Food and Drug Administration

U.S. DEPARTMENT OF LABOR    Occupational Safety and Health Administration
Kansas City Regional Office
2300 Main Street, Suite 1010
Kansas City, Missouri 64108-2447



April 8, 2022

Dear Employer:

The U.S. Department of Labor, Region VII OSHA offers a Free and Confidential outreach/training program for your business. Based on available resources, an experienced Whistleblower Investigator will train you and your management staff on current laws enforced by OSHA's Whistleblower Protection Program. This training will include: explaining the elements of a Whistleblower violation, the investigative process if you receive written notification from OSHA regarding a whistleblower complaint, early resolution, remedies/outcomes, and answer any questions you or your staff may have regarding whistleblower laws enforced by OSHA.

OSHA's Whistleblower Protection Program enforces the whistleblower provisions of more than twenty whistleblower statutes protecting employees who report violations of various workplace safety and health, airline, commercial motor carrier, consumer product, environmental, financial reform, food safety, health insurance reform, motor vehicle safety, nuclear, pipeline, public transportation agency, railroad, maritime, and securities laws. Rights afforded by these whistleblower protection laws include, but are not limited to; worker participation in safety and health activities; reporting a work-related injury, illness or fatality; or reporting a violation of the statutes herein.

If you would like additional information on this free service, please contact Kristina Carignan, Regional Supervisory Investigator at (816) 502-9008.

Sincerely,

KEVIN CRAIN
Assistant Regional Administrator
Region VII - Whistleblower Protection Program