# Exhibit 6

_____

Issue Date: 14 December 2022

**CASE NO.:** 2022-FDA-00004

*In the Matter of:*

**RUDY HOWELL,**
*Complainant,*

*v.*

**PERDUE FARMS, INC.,**
*Respondent.*

_____

## ORDER DENYING MOTION TO DISMISS

This proceeding arises out of a complaint filed under the employee protection provisions of the Food Safety and Modernization Act (FSMA). 21 U.S.C. § 399d. On October 7, 2022, Respondent filed a motion to dismiss (Motion). On October 13, 2022, Complainant filed an opposition to the motion to dismiss. On October 20, 2022, the United States Food and Drug Administration (FDA) filed an amicus brief.

"A party may move to dismiss part or all of the matter for reasons recognized under controlling law, such as lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, or untimeliness." 29 C.F.R. § 18.70(c). When ruling on a motion to dismiss, the administrative law judge must "accept the non-movant's factual allegations as true and draw all reasonable inferences in his favor." *Mawhinney v. Trans. Workers Union, Local 591*, ARB No. 2019-0018, OALJ No. 2012-AIR-00014, slip op. at 2 (Dec. 9, 2020).

Respondent argues the Complaint must be dismissed with prejudice because: (1) Complainant was not an "employee" for purposes of the FSMA employee protection provisions; (2) Complainant failed to blow the whistle about animal feed; and (3) Respondent did not retaliate against Complainant for protected activity.[1]

---

[1] These arguments are similar to those I recently considered and rejected in *Watts v. Perdue Farms, Inc.*, OALJ No. 2016-FDA-00003 (Oct. 21, 2022) (Order Denying Motion to Dismiss).

## I. Whether Complainant Was an Employee or an Independent Contractor

Respondent argues the Complaint must be dismissed because Complainant was an independent contractor, not a covered employee. Motion at 9-12. At this stage of the proceeding, I am required to accept Complainant's factual assertions as true and draw all reasonable inferences in his favor.

The FMSA does not define "employee." The Supreme Court of the United States has held when a statute does not helpfully define the term "employee," courts should apply a common-law definition. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). In determining whether an individual is an employee, Courts have recognized that numerous factors must be assessed and weighed and no factor is alone decisive. Further, this determination is a highly fact-specific finding. *See Id.*; *Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 260 (4th Cir. 1997).

Based upon my review of the Complaint, Complainant adequately alleges Respondent exercised sufficient control of his work and farm operation such that he could be considered Respondent's "employee" at common law. *See* Complainant's Restated Complaint of Retaliation (Compl.) ¶¶ 8-21. Accordingly, this argument is rejected.

**II. Whether Complainant's Actions Qualify as Whistleblowing under the FSMA and whether the Complaint Must Allege Whistleblowing Activity Related to Animal Feed.**

Respondent argues the Complaint must be dismissed because Complainant never complained about animal feed directly to Perdue. Motion at 12-15. Respondent argues the FSMA does not protect the provision of information to the media, animal rights groups, or public health advocates, emphasizing the statutory language requiring reports be made to "the employer, the Federal Government, or the attorney general of a State." *Id.* at 12 (citing 21 U.S.C. § 399d(a)(1)). Respondent argues the FDA has no jurisdiction to entertain complaints about malfunctioning scales, dirty trays, and sanitation issues with the catch machine and trailers. Motion at 13-14. Respondent argues the FDA only has jurisdiction over allegations relating to animal feed, which, it states, formed "the sole basis for jurisdiction found by the ARB [Administrative Review Board] in *Watts*." *Id.* at 14 (citing *Watts v. Perdue Farms, Inc.*, ARB No. 2017-0017 (May 28, 2020) (Decision and Order Granting Reconsideration and Remanding to the Administrative Law Judge)). The FDA disputes Respondent's argument that the ARB, in *Watts*, held animal feed to be the only available basis for jurisdiction, calling the argument "misleading and inaccurate." FDA Amicus Br. at 2.

Contrary to Respondent's position, the FSMA does not require *direct* complaints from an employee to his employer, the federal government, or a state attorney general, in order to qualify for protection against retaliation. *See Watts*, OALJ No. 2016 FDA-00003, slip op. at 4-8 (Oct. 21, 2022). Rather, it also protects an employee

from retaliation if one of the three enumerated entities – the complainant's employer, the federal government, or a state attorney general – receives the employee's complaint via a third-party intermediary. *Id.* at 6 ("[D]isclosures to a third-party (including non-governmental organizations and the media) qualify for legal protection under the FSMA, so long as the third-party published, pursuant to the employee's request, the employee's complaint about a violation of the FDCA [Federal Food, Drug and Cosmetic Act], and the complaint was then supplied or made available to the employer, the federal government, or a state attorney general, as a consequence of the third-party's publication of the complaint."); *but see Tides v. Boeing Co.,* 644 F.3d 809, 815 (9th Cir. 2011) (holding disclosures to the media unprotected by the Sarbanes-Oxley Act's coterminous whistleblower protection provision).

Furthermore, the FSMA does not only protect complaints about animal feed, as Respondent suggests. *See Watts*, OALJ No. 2016-FDA-00003, slip op. at 10-11 (Oct. 21, 2022). The law broadly protects the provision of *any information* the employee reasonably believes to be a violation of the FDCA. *Id.*

Based on my review of the Complaint, I conclude Complainant adequately alleges he engaged in FSMA protected activity. Accepting the allegations as true and drawing all reasonable inferences in Complainant's favor, Complainant reasonably believed

- 5 -
Case 5:24-cv-00594-M     Document 1-7     Filed 10/18/24     Page 6 of 11

Respondent's animal husbandry and sanitation practices violated the FDCA,[2] and when complaints made directly to Respondent went ignored, The Guardian,[3] We Animals Media,[4] and Sentient Media[5] published Complainant's complaints (or, broadly construed, evidence supporting his claims) about said violations. *See* Compl. ¶¶ 26-39. One can reasonably infer Respondent learned of Complainant's complaints by virtue of the media because Respondent terminated the relationship with Complainant shortly (14 days) after the Sentient Media article was published. *Id.* ¶ 39. Respondent acknowledges that Complainant had made complaints to Respondent regarding unsanitary conditions and high cull rates. *See* Motion at 16-17; Compl. ¶ 28, 30-33. Furthermore, Complainant alleges that he expected Respondent would review the footage provided to these outside organizations, that publication would lead to changes, or that these actions would lead to investigation by government officials. *See* Compl. ¶ 38.

---

[2] The FDCA prohibits "[t]he adulteration … of any food … in interstate commerce." 21 U.S.C. § 331(b). Food is considered "adulterated" "if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health," or "if it is, in whole or in part, the product of a diseased animal or of an animal which has died otherwise than by slaughter." 21 U.S.C. § 342(a)(4),(5). According to the FDA, animal feed and live poultry both qualify as "food" under the FDCA. FDA Amicus Br. at 2.

[3] Michael Sainanto, 'I can't get above water': how America's chicken giant Perdue controls farmers, The Guardian (March 14, 2020), available at https://www.theguardian.com/environment/2020/mar/14/i-cant-get-above-water-how-americas-chicken-giant-perdue-controls-farmers.

[4] Kelly Guerin, *System Shutdowns and the Failures of Factory Farming*, We Animals Media (July 30, 2020), available at https://weanimalsmedia.org/2020/07/30/system-shutdowns-and-the-failures-of-factory-farming/ (video of Complainant's farm embedded in article: https://www.youtube.com/watch?v=LBSjsgF-ypg&t=1s).

[5] Jennifer Mishler, Despite Perdue's High Welfare Standards, Some Chickens Can't Survive 45 Days, Sentient Media (Aug. 4, 2020) available at https://sentientmedia.org/despite-perdues-high-welfare-standards-some-chickens-cant-survive-45-days/.

Accordingly, I conclude Complainant adequately alleges he engaged in protected activity under 21 U.S.C. § 399d(a)(1) and (4). Respondent's arguments are therefore rejected.

III.     **Whether Respondent Retaliated Against Complainant.**

Respondent argues the Complaint must be dismissed because Respondent terminated the relationship for reasons unrelated to alleged protected activity.  Motion at 15-19. Respondent argues it terminated the relationship because Complainant violated its bio-security and COVID-19 protocols by allowing non-essential and unauthorized visitors at his farm.  *Id.* at 18.  Based on my review of the Complaint, I conclude Complainant adequately alleges Respondent retaliated against him for engaging in FSMA protected activity. Compl. ¶¶ 41-46.  Accordingly, this argument is also rejected.

## ORDER

Based on the foregoing, IT IS ORDERED that Respondent's motion to dismiss is DENIED.

**SO ORDERED.**

                                                  PAMELA A. KULTGEN
                                                  Administrative Law Judge

PAK/PML/jcb
Newport News, Virginia

# SERVICE SHEET

Case Name: **Howell_v_Perdue_Farm_Inc_**

Case Number: **2022FDA00004**

Document Title: **Order Denying Respondents Motion to Dismiss**

I hereby certify that a copy of the above-referenced document was sent to the following this 14th day of December, 2022:

**JOAN BUCHANAN**
Paralegal Specialist

OSHA-Region 4 Regional Administrator
Regional Administrator
Region 4
U. S. Department of Labor, OSHA
61 Forsyth Street, S.W.
ATLANTA GA 30303
    *{Electronic - Regular Email}*

Atlanta Regional Solicitor
Regional Solicitor
U. S. Department of Labor
Sam Nunn Federal Center
Room 7T10
61 Forsyth Street, S.W.
ATLANTA GA 30303
    *{Electronic - Regular Email}*

Thad M. Guyer, Esq.
thad@guyerayers.com
P.O. Box 1061
MEDFORD OR 97501
    *{Electronic - Regular Email}*

Stephani L. Ayers, Esq.
stephani@guyerayers.com
P.O. Box 1061
MEDFORD OR 97501
    *{Electronic - Regular Email}*

Gabrielle DeStefano, Esq.
gabrielled@whistleblower.org
Government Accountability Project
1612 K Street, NW, Suite 1100
WASHINGTON DC 20006
    *{Electronic - Regular Email}*

Eric Spengler, Esq.
eric@sab.law
Spengler & Agans
352 N. Caswell Road
CHARLOTTE NC 28204
    *{Electronic - Regular Email}*

Roger A. Colaizzi, Esq.
racolaizzi@venable.com
Venable
600 Massachusetts Ave., NW
WASHINGTON DC 20001
    *{Electronic - Regular Email}*

**SERVICE SHEET** continued (2022FDA00004 Order)    Page: 2

Mitchell Y. Mirviss, Esq.
mymirviss@venable.com
Venable
600 Massachusetts Ave., NW
WASHINGTON DC 20001
    *{Electronic - Regular Email}*

Stephen R. Freeland, Esq.
srfreeland@venable.com
Venable
600 Massachusetts Ave., NW
WASHINGTON DC 20001
    *{Electronic - Regular Email}*

Stephen Freeland
srfreeland@venable.com
Venable LLP
600 Massachusetts Ave NW
WASHINGTON DC 20001
    *{Electronic - Regular Email}*

Stephani Ayers
stephani@whistleblowerdefenders.com
POB 1061
MEDFORD OR 97501
    *{Electronic - Regular Email}*

Nicole Pepperl, Esq
Nicole.Pepperl@fda.hhs.gov
U.S. Food and Drug Administration
10903 New Hampshire Avenue
Room 4335
SILVER SPRING MD 20993-0002
    *{Electronic - Regular Email}*